444 So.2d 1170 (1984)
Dr. Bernard COHEN and Florence Cohen, His Wife, Appellants,
v.
GENERAL MOTORS CORPORATION, CADILLAC DIVISION, Appellee.
No. 83-942.
District Court of Appeal of Florida, Fourth District.
February 15, 1984.
Milton Kelner of Kelner & Kelner, Miami, for appellants.
R. Benjamine Reid of Kimbrell, Hamann, Jennings, Womach, Carlson & Kniskern, P.A., Miami, for appellee.
DOWNEY, Judge.
The primary issue here is whether there was a complete absence of justiciable issue of either law or fact raised by appellants so as to warrant the imposition of attorney's fees under section 57.105, Florida Statutes (1981). The trial court found there was; we disagree and reverse.
Appellant, Dr. Bernard Cohen, playing the role of good samaritan, attempted to assist Pearl Lowenstein in releasing the automatic parking brake on her Cadillac. Pearl was unable to move her car because the automatic parking brake release failed to work properly. Cohen attempted to assist her by reaching underneath the dash and releasing the automatic brake release lever. The motor was running but Cohen understood the gearshift to be in "park." When he pulled the release lever, the car shot backward and the left front wheel of the car rolled over Cohen's leg. Cohen sued the owner and operator of the car and General Motors Corporation  the latter in strict liability, breach of implied warranty and negligence. On the first day of trial, the court granted General Motors' renewed motion for summary judgment. Cohen appealed the summary judgment and this court affirmed in Cohen v. General Motors Corporation, Cadillac Division, 427 So.2d 389 (Fla. 4th DCA 1983). In a written opinion the court discussed the various theories of liability asserted by appellants and held that General Motors was not liable for Cohen's injury. Finding no factual issue demonstrated under any of the three theories of liability, the court affirmed the summary judgment. On remand, the trial court awarded General Motors $23,696.00 in attorney fees pursuant to section 57.105.
We are frequently criticized for affirming cases without opinion when we perceive a written opinion to be unnecessary. But this is the first time we have been charged with writing an opinion in a case in which there was a complete absence of a justiciable issue unless such absence was the thrust and purpose of the opinion. Be that *1171 as it may, while the end result was that the Cohens were unable, even with their expert's testimony, to prove a claim against General Motors, we hold the suit was not frivolous within the contemplation of the cited statute. It was, therefore, error to assess an attorney's fee against appellants. That being true, it was also error to hold appellants liable for the cost incurred by General Motors in providing expert testimony on a reasonable attorney's fee.
Accordingly, the order granting General Motors attorney's fees and costs of an expert witness on attorney's fees is reversed.
REVERSED.
ANSTEAD, C.J., and HERSEY, J., concur.