PER CURIAM.
While we agree with the appellee-at-torney that our decision in In re Estate of *88 Hand, 475 So.2d 1337 (Fla. 3d DCA 1985), does not preclude him from being awarded fees from an estate where, as here, the fees sought are for services rendered not to the personal representative found to have procured the will by undue influence,[1] but are for services rendered to a co-personal representative, Jefferson National Bank, innocent of such wrongdoing, there is simply no evidence to support the trial court’s finding that the attorney rendered specifically identifiable legal services to the bank which were of benefit to the estate. See In re Estate of Hand, 475 So.2d 1337. Despite the fact that the trial court found “[t]hat by far, the major portion of Mr. Roth’s legal services were performed on behalf of the probate of a will that has now been declared invalid, and in the defense of his client, Margaret Rose, in the proceedings and trial leading to the revocation of the will,” and, abiding by our decision in Hand, refused to award Roth a fee for these services, it went on to conclude that “a reasonable fee for services performed for the estate for administrative duties and Jefferson National Bank is in the amount of $70,000.” Since we find no evidentiary support for this latter conclusion, or, for that matter, the conclusion that Roth did anything for Jefferson or performed any administrative duties, we must reverse. However, because the trial court reached its conclusion without the benefit of an appropriate evidentiary hearing, wherein Roth might attempt to establish what is now missing, we remand this case for further proceedings. Roth’s cross-appeal, seeking to overturn the trial court’s denial of fees for services rendered to the undue influencer, is affirmed on the authority of Hand.
On remand, the trial court is advised that it may not, as it may have done, award Roth fees for services rendered to Margaret Rose, on the theory that Roth was successful in defending the will against the alternative objections that it was not properly witnessed and that the testatrix did not possess testamentary capacity. This partial success was of no benefit to the estate, and in no way detracts from the determination that Margaret Rose, having been found guilty of procuring the will by undue influence, could not in good faith have offered the will for probate.[2]
Affirmed in part; reversed in part, and remanded.
HUBBART and DANIEL S. PEARSON, JJ., concur.

. This finding was affirmed by this court in Rose v. Maxwell, 483 So.2d 458 (Fla. 3d DCA 1986).

. Indeed, the record in Hand reflects (although the opinion does not) that the proponent there was also successful in countering the objections that the will was not properly witnessed and that the testatrix lacked testamentary capacity, but, as here, unsuccessful in connection with the charge that the will was procured by undue influence.