PER CURIAM.
These consolidated appeals are from orders of the probate court which (1) denied the proponents’[1] petition to probate the will of Robert C. Reynolds upon the conclusion that the decedent lacked the required testamentary capacity when he executed the will, (2) upon the petition of the proponents, awarded a fee to Edward Vining, the attorney for the unsuccessful proponents, (3) required the unsuccessful proponents to pay costs to the estate, and (4) denied a petition for attorneys’ fees filed by Bedzow and Korn, P.A., the former attorneys for the proponent Carol Ann Clifford. With the exception of the order requiring the unsuccessful proponents to pay costs to the estate, we affirm all of the orders under review.
The conclusion of the trial judge that the decedent lacked the required testamentary capacity, being supported by sufficient competent and substantial evidence, cannot be disturbed on appeal. See In re Estate of Weihe, 275 So.2d 244 (Fla.1973). That conclusion, however, does not at all suggest that the proponents of the will were not in good faith justified in offering it for probate, and, indeed, the trial court made no such finding. Thus, under the plain language of Section 733.106(2), Florida Statutes (1985),[2] the trial court was fully authorized in granting the proponents’ petition for attorneys’ fees. However, because this fee award necessarily carried with it the implicit finding that the proponents offered the will in good faith, the trial court erred in requiring the proponents to pay costs to the estate since the statute entitling these good faith proponents to recover fees provides that they are to recover, rather than be liable for, costs.
But the good faith of the proponents in offering the will for probate is of no help to Bedzow and Korn, P.A., the former attorneys for the personal representative. Since their petition for fees was filed by them and not the proponents, and is thus within subsection (3) of Section 733.-106,[3] their right to recover depends on whether they have rendered services that have “benefited the estate.” In re Graham’s Estate, 156 Fla. 421, 426, 23 So.2d 485, 487 (1945) (en banc) (construing Section 158 of the Probate Act, the substantially similar predecessor to Section 733.-106(3)). As we recently said in In re Estate of Hand, 475 So.2d 1337, 1339 (Fla. 3d DCA 1985), “services rendered in an unsuccessful effort to have a will probated are of *1206 no benefit to the estate.” Since the attorneys’ petition refers to no services other than the representation of the personal representative in connection with the unsuccessful offering of the will for probate, it was properly denied.[4]
Affirmed in part; reversed in part.

. At the outset, the petitioner was Carol Ann Clifford, the personal representative named in the will and the mother of Lisa and Douglas Cushing, the beneficiaries named in the will. As the proceedings progressed, the Cushings, with the apparent consent of all concerned, became the proponents.

. The cited statute provides in pertinent part:
“(2) A person nominated as personal representative of the last known will, or any proponent of the will if the person so nominated does not act within a reasonable time, if in good faith justified in offering the will in due form for probate, shall receive his costs and attorney fees out of the estate even though he is unsuccessful.”

.This subsection provides:
"(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition."

. We recognize that if the petition for fees owed or paid by the personal representative to Bed-zow and Korn, P.A. had been filed on behalf of the personal representative, the result would be different. The record contains no explanation why these attorneys filed their own petition.