PER CURIAM.
This appeal is from a trial court order awarding to Burnett Roth the sum of $80,-000 as attorney’s fees for services rendered to the Estate of Kathryn B. Rayhill, deceased. The order was entered after an evidentiary hearing held pursuant to our remand in In re Estate of Rayhill, 489 So.2d 87 (Fla. 3d DCA 1986), in which we overturned a $70,000 fee award to Roth and instructed that Roth, although entitled to fees for services which benefited the estate, was not entitled to fees for his representation of the personal representative who had been found to have procured the execution of the will by undue influence. Thus, our mandate to the trial court allowed Roth the opportunity to show “specifically identifiable legal services to the bank [the innocent co-personal representative of the estate] which were of benefit to the estate.” Id. at 88.
The record of the evidentiary hearing reflects that Roth had kept no accurate time records, but was able to reconstruct that he had spent 288 hours on the matter and guess that he had spent much more. It is clear, however, that 90 of those hours were expended in efforts to obtain his fees from the estate and 50 were unconnected to any identified legal service, much less a legal service performed for and of benefit to the estate. Thus, even giving to Roth a generous view of his reconstructed accounting of the remaining 148 hours, and indulging the trial court’s finding that Roth’s reconstructed time excluded services rendered to the undue influencer, we nonetheless conclude that Roth’s fee — calculated at $225.00 per hour, the highest rate reflected in the expert testimony adduced — can be no more than $33,300. Accordingly, the order under review is reversed with directions that upon remand the amount of the fee fixed in the order be reduced to $33,300.
Reversed and remanded with directions.