755 So.2d 787 (2000)
GIBBS CONSTRUCTION COMPANY and Fidelity and Deposit Company of Maryland, Appellants,
v.
S. L. PAGE CORPORATION, Appellee.
School Board of Charlotte County, Florida, Appellant,
v.
Gibbs Construction Company, Fidelity and Deposit Company of Maryland, and S. L. Page Corporation, Appellees.
Nos. 2D98-4397, 2D99-838.
District Court of Appeal of Florida, Second District.
April 14, 2000.
*788 Douglas R. Bald and David S. Maglish, Sarasota, for Appellant, School Board of Charlotte County, Florida.
Donald D. Clark, Sarasota, for Appellants/Appellees, Gibbs Construction Company, and Fidelity and Deposit Company of Maryland.
Barry R. Hillmyer, Fort Myers, for Appellee, S. L. Page Corporation.
SALCINES, Judge.
The School Board of Charlotte County ("the Board") appeals the trial court's post-judgment award of attorney's fees to Gibbs Construction Company ("Gibbs") and its surety, Fidelity and Deposit Company of Maryland ("Fidelity"). Gibbs and Fidelity appeal the trial court's post-judgment award of attorney's fees to S. L. Page Corporation ("Page"). We affirm in part, and reverse in part.

THE CASE
The underlying action was initiated by the Board against Gibbs, a general contractor retained by the Board to construct a school in Charlotte County, and against Fidelity, Gibbs' surety. In that action, the Board sought damages from Gibbs for both breach of contract and breach of warranty, and from Gibbs and Fidelity under a performance bond on the project. The alleged breaches arose out of the installation of a heating, ventilating, and air conditioning system ("HVAC system") which *789 differed from that required by the specifications of the general contract.
Gibbs and Fidelity then filed a third-party action against Page, the subcontractor responsible for installing the HVAC system. In that complaint, Gibbs and Fidelity sought damages based on contractual and common law indemnity, breach of contract, and breach of warranty.
Gibbs, Fidelity, and Page sought and obtained a summary final judgment. The Board appealed the portion of the summary final judgment entered against it and in favor of Gibbs and Fidelity, which this court affirmed without an opinion.[1] In that summary final judgment, the trial court had retained jurisdiction to determine an award of attorney's fees at a later date. Hence, Gibbs, Fidelity, and Page sought recovery of the attorney's fees which they had incurred in the litigation.
Page sought attorney's fees against Gibbs and Fidelity on two theories, both of which were based on contract.[2] It maintained that the subcontract between itself and Gibbs necessarily incorporated the general contract between Gibbs and the Board and, since the general contract provided for an award of attorney's fees in the event of litigation, it was entitled to the attorney's fees it had incurred. In the alternative, it presented a particular clause in the subcontract suggesting that the provision supported an award of attorney's fees. The trial court granted Page's motion for attorney's fees and entered a judgment against Gibbs and Fidelity in the amount of $32,926.85. Gibbs and Fidelity immediately filed a notice of appeal seeking this court's review of that judgment.
Gibbs and Fidelity sought their attorney's fees, including those amounts they had been ordered to pay Page, pursuant to the general contract.[3] They also argued that the Board's claim against Fidelity was against the bond and, therefore, they were entitled to an award of attorney's fees as the prevailing party pursuant to section 255.05, Florida Statutes (1987). The trial court granted Gibbs and Fidelity all the fees they requested which included those related to their pursuit of the third-party action against Page as well as those fees which they had been ordered to pay Page. The trial court entered a judgment in the amount of $76,248.14, of which $43,321.29 was incurred directly by Gibbs and Fidelity and the remainder represented the amount they had previously been ordered to pay Page. The Board filed its notice of appeal seeking review of that judgment.
The present consolidated appeal, which is the subject of this decision, arises from these two final judgments awarding fees.

THE CONTRACTUAL PROVISIONS REGARDING ATTORNEY'S FEES
In its motion for attorney's fees, Page presented two contractual provisions to the trial court.[4] The first concerned the clause in the general contract between Gibbs and the Board which provided:
7.3.1 Attorney's Fees: If Board is required to institute or defend any legal *790 proceedings in connection with this Contract due to Contractor's default, Contractor agrees to pay the cost thereof together with reasonable attorney's fees for Board's attorney, if the cause is determined in favor of the Board.
The second provision was in the subcontract between Gibbs and Page, at article VIII, and it stated, in part:
The Subcontractor hereby agrees to indemnify and keep harmless the Contractor against all liability, claims, judgements [sic], or demands for damages arising from accidents to persons or property occasioned by the Subcontractor, his agents or employees, and against all claims or demands for damages arising from accidents to the Subcontractor, his agents or employees ... and the Subcontractor will defend any and all suits that may be brought against the Contractor on account of any accidents and will make good to and reimburse the Contractor for expenditures that Contractor may make by reason of such accidents, including Court cost and counsel fees.

LEGAL ANALYSIS
For the purpose of this appeal, the Board does not contest its obligation to pay Gibbs and Fidelity the attorney's fees they directly incurred in defense of the Board's complaint against them. However, the Board does contest its liability for those fees Gibbs and Fidelity incurred in bringing their third-party action against Page as well as those fees incurred by Page. Gibbs and Fidelity challenge the propriety of the award for attorney's fees against them and in favor of Page. We turn first to Page's entitlement to attorney's fees from Gibbs and Fidelity.
To the extent that a trial court has discretion, appellate courts apply an abuse of discretion standard in reviewing a trial court's award of attorney's fees, most often in regard to the amount of an award rather than the actual entitlement to an award. See DiStefano Constr., Inc. v. Fidelity and Deposit Co., 597 So.2d 248 (Fla. 1992). When entitlement to attorney's fees is based on the interpretation of contractual provisions as a pure matter of law, however, we are not constrained to follow that standard of review. As we have previously recognized in cases involving a trial court's interpretation of unambiguous contractual provisions, this court stands "on equal footing with the trial judge as an interpreter of the contract because that interpretation is based solely on the written document." See Cushman & Wakefield of Florida, Inc. v. Williams, 551 So.2d 1251 (Fla. 2d DCA 1989). The appellate review of the judgment awarding attorney's fees in favor of Page involves the construction of two unambiguous contractual provisions as a pure matter of law. Hence, we undertake a de novo review of that contractual construction.
As it had presented to the trial court, on appeal Page asserts that its award of attorney's fees should be upheld based on alternative contractual theories. On the one hand, Page maintains that Gibbs' general contract with the Board was incorporated into its subcontract with Gibbs and that the contractor's obligations were expressly passed through to the subcontractor. This theory is unavailing. Significantly, the subcontract did not contain a general incorporation provision. Rather, the subcontract made reference to certain portions of the work specified in the general contract which Page had agreed to perform. Absent a general incorporation provision, Page's argument that the attorney's fee clause, article 7.3.1 of the general contract, was made a part of the subcontract cannot prevail.
As an alternative basis for upholding the award of attorney's fees, Page relies upon article VIII of the subcontract agreement. Article VIII, however, was inapplicable because it only involved claims for "accidents to persons or property occasioned by the Subcontractor." The present case involved neither an accident to a person nor an accident to property. Contractual attorney's fee provisions must be *791 strictly construed. See Pici v. First Union Nat'l Bank, 705 So.2d 50 (Fla. 2d DCA 1997). Applying a strict construction, article VIII was simply inapplicable in reference to claims arising out of the actual work performed by the parties.
Thus, Page was not entitled to its fees. Further, the portion of the subsequent judgment requiring the Board to reimburse Gibbs and Fidelity for Page's fees was erroneous.
We now turn to the Board's argument that the amount of the attorney's fees awarded to Gibbs and Fidelity should be reduced by the amount related to their pursuit of the third-party action against Page. We find the Board's argument unpersuasive. The trial court neither abused its discretion in determining the amount of the award of attorney's fees incurred directly by Gibbs and Fidelity nor committed legal error in its interpretation of the applicable contractual and statutory provisions.
At the hearing on their motion to tax attorney's fees and costs, Gibbs and Fidelity's expert witness testified that, in his opinion, their counsel devoted $43,321.29 in hourly time of which $5,504.53 was directly related to the prosecution of their third-party claim against Page. In the expert's opinion, the fees were reasonable and the amount attributable to the pursuit of the third-party claim was properly included in the total amount of attorney's fees to be awarded Gibbs and Fidelity because "the third-party claim was part and parcel of the litigation." Apparently, the trial court agreed and did not reduce the amount of attorney's fees sought by Gibbs and Fidelity.[5]
The general contract, when read in pari materia with section 57.105(2), Florida Statutes (Supp.1988),[6] entitled Gibbs and Fidelity to their attorney's fees if they were "required to institute or defend any legal proceedings in connection with [the][c]ontract." The third-party claim against Page contained two counts which mirrored those actions brought by the Board solely against Gibbs, breach of contract and breach of warranty, as well as two additional counts for indemnity. Although Gibbs might have delayed its claims for indemnity, it could not have delayed its claims for breach of contract and breach of warranty without taking the risk that those actions would later be foreclosed. The third-party suit against Page was necessitated by the Board's lawsuit against Gibbs. The trial court correctly interpreted the contract, the award was supported by substantial competent evidence, and the trial court did not abuse its discretion in awarding Gibbs and Fidelity $43,321.29 in attorney's fees.

CONCLUSION
The final judgment in favor of Page is reversed. The attorney's fee judgment in favor of Gibbs and Fidelity against the Board is reversed to the extent it includes $32,926.85, which was to have been reimbursed to Page for its attorney's fee, and is affirmed as to the remaining award of $43,321.29.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
CAMPBELL, A.C.J., and FULMER, J., Concurs.
NOTES
[1] See School Board of [Charlotte] County v. Gibbs Constr. Co., 731 So.2d 668 (Fla. 2d DCA 1999).
[2] We stress that Page did not argue, and from the record before this court it does not appear that it sought recovery of its attorney's fees from the surety, Fidelity, on any alternative theory. This opinion does not address any alternative entitlement as between Page and Fidelity. Further, Page did not present to the trial court or argue on appeal any statutory grounds upon which entitlement to attorney's fees might have been based.
[3] Gibbs and Fidelity correctly maintained that "[i]f a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." § 57.105(2), Fla. Stat. (Supp.1988).
[4] The record on appeal does not contain a transcript of the hearing conducted in relation to Page's motion for attorney's fees.
[5] The final judgment did not specify whether the trial court was awarding the $5,504.53 attributable to Gibbs and Fidelity's pursuit of their third-party claim against Page. However, based upon the total amount sought and total amount awarded, it is clear that the trial court granted the attorney's fees incurred by them relative to their third-party claim against Page.
[6] Section 57.105(2), Florida Statutes (1989), specifically provides that it is applicable to contracts entered into on or after October 1, 1988. The general contract between Gibbs and the Board was entered into on July 5, 1989.