971 So.2d 955 (2007)
Martha HINKLEY, d/b/a My Place Realty, Appellant,
v.
GOULD, COOKSEY, FENNELL, O'NEILL, MARINE, CARTER & HAFNER, P.A., Appellee.
No. 5D06-4245.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
*956 Michael Anthony Faro of Michael Anthony Faro, P.A., Cocoa Beach, for Appellant.
Jason L. Odom of Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A., Vero Beach, for Appellee.
THOMPSON, J.
Martha Hinkley, the broker with My Place Realty, Inc., challenges the circuit court's award of attorney's fees and costs to Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A. ("Gould-Cooksey"), the closing agent under a contract for the sale and purchase of real estate. Gould-Cooksey interpleaded the $72,600 brokerage commission after a dispute arose between My Place Realty and its licensed real estate sales associate, Ginger Meyer, who terminated employment prior to the closing. Because the trial court erred in awarding attorney's fees and costs to Gould-Cooksey under the real estate purchase contract to which the broker and its sales associate were not parties, we reverse.
The commission dispute prompted Gould-Cooksey to interplead the brokerage commission and request an award of attorney's fees for filing the complaint for interpleader. The court's order approved the interpleader proceeding, directed that the funds be placed in the registry of the court, and awarded Gould-Cooksey $5,387.12 in fees and costs.[1]
Typically, the appellate court applies an abuse of discretion standard in reviewing a trial court's award of attorney's fees, usually with regard to the amount of an award rather than the actual entitlement to an award. DiStefano Constr., Inc. v. Fidelity & Deposit Co., 597 So.2d 248, 250 (Fla.1992). However, when entitlement to attorney's fees is based on the interpretation of contractual provisions, see Gibbs Construction Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000), or a statute, see Allstate Insurance Co. v. Regar, 942 So.2d 969, 971 (Fla. 2d DCA 2006), as a pure matter of law, the appellate court undertakes a de novo review.
In this case, the appellant contests only the entitlement to fees and does not argue that the court abused its discretion in determining the amount of the award. Hence the de novo standard applies.
Hinkley argues that neither she, d/b/a My Place Realty, nor Meyer are *957 parties to the contract relied upon by Gould-Cooksey for the court's authority to award fees. Hinkley is correct that the trial court erred in awarding attorney's fees and costs from the interpleaded fund. As the court explained in Brickell Bay Club Condominium Association, Inc. v. Forte, 397 So.2d 959, 960 (Fla. 3d DCA 1981), an agreement gives those who are parties to it a clear and unequivocal right to the recovery of both attorney's fees and costs. (Emphasis added.)
Gould-Cooksey timely filed a motion for attorney's fees based upon paragraph 15, "Escrow Agent," of the contract for sale and purchase of real estate. The broker and its sales associate, however, are not parties to that agreement, and, therefore, this authority does not support the trial court's award of attorney's fees to the escrow agent. Section 475.711, Florida Statutes (2006), addresses the interpleader of reserved proceeds in the court registry, discharge of the closing agent from further liability, and costs and reasonable attorney's fees incurred by the closing agent. The escrow agent did not cite this statute for an award of attorney's fees and costs to the interpleader perhaps because the statute specifically addresses commission entitlement vis-á-vis the owner and broker. That factual scenario is not present here.
Because My Place Realty and Meyer are not parties to the real estate purchase contract, its provision for attorney's fees in favor of the interpleader cannot stand. Accordingly, we reverse the order awarding attorney's fees and costs.
REVERSED.
PALMER, C.J., and LAWSON, J., concur.
NOTES
[1] This court dismissed for lack of jurisdiction the appeal of the order granting interpleader, but has jurisdiction to review the final order awarding an attorney's fee. See Hastings v. Osius, 104 So.2d 21, 22 (Fla.1958).