COHEN, J.
We review the trial court’s order granting prevailing party attorney’s fees pursuant to section 723.068, Florida Statutes (2005), in favor of Appellees, .the Homeowners’ Association of Hollywood Estates and certain residents as class action plaintiffs. Although Appellant, T & W Developers, Inc. (“T & W”), challenges both entitlement to, and the amount of, attorney’s fees and costs awarded, we only address the issue of entitlement because we conclude that neither party was entitled to attorney’s fees. Accordingly, we reverse.
Hollywood Estates is an age-restricted mobile home subdivision governed by a deed of restrictions. In relevant part, the deed of restrictions requires T & W to provide certain maintenance services, trash collection, security patrol, and “Cable Television basic services.” In exchange for these services, the residents of Hollywood Estates pay a monthly fee to T & W. The deed of restrictions also created the Hollywood Estates Review Committee (“HERC”) to enforce certain of its provisions.
This litigation arose after Denley and Corina Daw purchased T & W’s outstanding stock. The Daws informed the residents of Hollywood Estates that the deed of restrictions violated federal and state fair housing laws because it did not validly qualify as an age-restricted community. As a result, the Daws informed the residents that Hollywood Estates would operate as an all-ages mobile home subdivision in the absence of an amendment. The residents were also informed that T & W was only required to provide basic cable television services, instead of the expanded cable services they were receiving.
In response, the residents amended the deed of restrictions to comply with the fair housing laws and preserve the age-restricted status of the mobile home subdivision. The amendment also empowered the Homeowners’ Association of Hollywood Estates with the right to approve any sale, conveyance, or transfer of a lot in order to maintain the age-restricted character of the mobile home subdivision. Still concerned it could face liability for a housing discrimination claim, T & W filed a three-count complaint seeking injunctive and declaratory relief.
Count I of the complaint sought injunc-tive relief and was denied. Count II sought a declaration that the amendment to the deed of restrictions was invalid because it unreasonably changed Hollywood Estates’ general plan of development and that HERC was the only entity empowered to enforce the deed of restrictions. Count III sought a declaration that the provision requiring it to provide “Cable Television basic services” was, alternatively, (1) unenforceable, (2) only required it to provide access to basic cable television but not pay each lot owner’s cable programming, (3) only required it to provide basic service programming as defined by the FCC, or (4) declare that section 723.037, Florida Statutes (2003), applied to the parties and permitted T & W to reduce or eliminate the cable television seivice it was providing.
*301 After receiving cross-motions for summary judgment and hearing argument, the trial court granted summary judgment for Appellees on count II and for T & W on count III. On count II, the trial court ruled that the amendment to the deed of restrictions was valid and that the Homeowners’ Association, not HERC, had the power to approve the sale or transfer of any lot. As to count III, the trial court ruled that section 723.037 applied to Hollywood Estates.[1] The trial court reserved jurisdiction to determine entitlement to, and the amount of, attorney’s fees and costs.
Both parties filed motions for attorney’s fees. The trial court found that Appellees prevailed on the substantial issues in the case and were entitled to attorney’s fees under section 723.068 as the prevailing party. Appellees subsequently filed a second motion for clarification after a dispute arose as to what fees they were entitled. T & W asserted that Appellees were not entitled to fees on count II because it did not implicate chapter 723. T & W also argued that because the trial court granted summary judgment in its favor on count III, Appellees were not the prevailing party and thus not entitled to fees. T & W instead asserted that it was the prevailing party and entitled to attorney’s fees under section 723.068. The trial court rejected both of these arguments and awarded Ap-pellees $61,940 in attorney’s fees and $795.60 in costs. This timely appeal followed.
Generally, a trial court’s determination of which party prevailed and its award of attorney’s fees is reviewed for an abuse of discretion. See Hinkley v. Gould, Cooksey, Fennell, O’Neill, Marine, Carter & Hafner, P.A., 971 So.2d 955, 956 (Fla. 5th DCA 2007); Colonel v. Meyerson, 921 So.2d 690, 691 (Fla. 5th DCA 2006). However, when entitlement rests on the interpretation of a statute or contract, our review is de novo. Hinkley, 971 So.2d at 956.
Section 723.068 states, “[ejxcept as provided in s.723.037, in any proceeding between private parties to enforce provisions of this chapter, the prevailing party is entitled to a reasonable attorney’s fee.” It is the requirement that the action “enforce” provisions of chapter 723 that leads us to conclude that neither party is entitled to an award of attorney’s fees.
Appellees contend the trial court properly awarded them attorney’s fees on count II because T & W’s complaint alleged that this count, in part, arose under chapter 723, the deed of restrictions was amended in derogation of section 723.058, and the prevailing party was entitled to attorney’s fees pursuant to section 723.068. Were simply invoking chapter 723 sufficient to confer entitlement to attorney’s fees, we would be compelled to affirm the trial court. However, when we look at the true nature of the relief requested and argued by T & W, it is clear that count II was not an action to enforce any provision of chapter 723.
Count II challenged the validity of the amendment to the deed of restrictions. This count incorporated a number of general allegations supporting invalidation, some invoking provisions of chapter 723. However, the specific allegations of the count, when coupled with the argument proffered at the summary judgment hearing, indicates that the ultimate relief requested was invalidation of the amendment because it destroyed Hollywood Estates’ general plan of development and disregarded the intent of the deed of restrictions by empowering the Homeowners’ As *302 sociation of Hollywood Estates, instead of HERC, with the authority to preserve Hollywood Estates’ age-restricted character. These issues do not raise violations of, or otherwise implicate chapter 723. Consequently, this count did not seek to enforce any provision of chapter 728 and Appellees were not entitled to attorney’s fees.
As previously set forth, Count III pled four alternative forms of relief. However, the only relief T & W argued and sought at the summary judgment hearing was a declaration that the procedure in section 723.037 applied to the parties and allowed it to reduce or eliminate the cable television services it was providing. The trial court framed the issue as “whether or not [T & W] can invoke the procedure ... in section 723.037,” and ruled that it could. Despite this favorable ruling, the trial court concluded that T & W was not the prevailing party because Appellees conceded that section 723.037 applied and it did not prevail on obtaining the other alternative relief it requested. This conclusion was incorrect for two reasons.
First, whether section 723.037 applied and T & W could use its procedure was not conceded by Appellees. At the summary judgment hearing, Appellees argued that T & W had to obtain approval from a majority of the lot owners, as required by the deed of restrictions, if it wanted to reduce or eliminate the cable television services it was providing. Second, the fact that T & W chose not to pursue the alternative relief pled in this count does not compel a conclusion that Appellees were the prevailing pai'ty. This is because a prevailing party is one who prevails on the “significant issues tried before the court.” Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). The only issue tried concerning count III was the applicability of section 723.037, and T & W’s right to use its procedure to reduce or eliminate cable television services. The trial court ruled that section 723.037 applied. Consequently, Appellees did not prevail on count III, and the trial court erred in finding that they were entitled to attorney’s fees as the prevailing party.
The trial court’s declaration that T & W could use the procedure in section 723.037 does not compel the conclusion that T & W is entitled to prevailing party attorney’s fees, pursuant to section 723.068. The primary issue that was litigated concerning count III was the procedure T <& W was required to use in order to reduce or eliminate the cable television services it was providing. T & W argued that section 723.037 set forth the proper procedure. Appellees asserted that the deed of restrictions controlled. Consistent with its argument to the trial court, T & W contends it was the prevailing party, now entitled to attorney’s fees, on the issue “of the application of section 723.037 to reduce or change services.” The flaw with this argument is that section 723.037 does not provide for reducing, changing, or eliminating any services.
If a mobile home park owner wants to increase the lot rental amount, reduce services or utilities, or change the mobile home park’s rules and regulations, the Legislature has created a dispute resolution process. See § 723.037. This process mandates the park owner notify the affected homeowners of the proposed change. § 723.037(1). Subsequently, the park owner and a committee formed by the affected homeowners meet to discuss the proposed change. § 723.037(4)(a). If an agreement cannot be reached, then either party can petition the Department of Professional and Business Regulation, Division of Florida Condominiums, Timeshares, and Mobile Homes, to mediate the dispute. §§ 723.037(5)(a), (b). Alternatively, either *303 party may file suit. The refusal of a party to mediate forecloses any recovery of that party’s attorney’s fees pursuant to chapter 723. See § 723.037(6).
T & W’s argument might have persuasive force if the crux of the dispute was whether the parties had to engage in the statutory dispute resolution process. However, the issue was whether T & W could reduce or eliminate providing cable television services by using the procedure in section 723.037. By its express terms, section 723.037 neither authorizes, nor prohibits a park owner from reducing or eliminating the services it provides to the homeowners. Instead, it provides a method whereby the mobile home park owner and the residents may attempt to informally resolve any dispute arising from a proposed lot rental increase, reduction of service or utilities, or change in the mobile home park’s rules and regulations.[2] Thus, obtaining a declaration that it could use the procedure in section 723.037 granted T & W only the right to begin the dispute resolution process. This is a far cry from the relief T & W ultimately desired: reducing or terminating the cable television services it was providing.
Based on the foregoing, we reverse the trial court’s award of attorney’s fees and costs to Appellees.
REVERSED.
SAWAYA, J., concurs.
LAWSON, J., dissents, with opinion.

. The trial court's ruling on the motions for summary judgment is not being challenged.

. Our conclusion is bolstered by the Legislature's subsequent amendment providing that the "meetings and discussions are intended to be in the nature of settlement discussions prior to the parties proceeding to mediation of any dispute.” § 723.037(4)(e), Fla. Stat. (2005).