CORTIÑAS, J.
The Estate of James H. Davis (“Estate”) was closed in 1998 following a lengthy administration. During its administration, the Estate devised cash and real property to its two residual beneficiaries, the James H. Davis Trust U/W/D 05/28/95 F/B/O Hays A. Davis (“Trust”) and Brenda Webb (‘Webb”). Despite being closed, the Estate nevertheless pursued a claim against Marcus & Marcus, P.A. (“Mar *704 cus”). Approximately eight years later, Marcus obtained a judgment for attorneys’ fees against the Estate in the amount of $103,949.91, based upon an unaccepted offer of judgment. In 2006, following a motion by Marcus and a corresponding notice of claim relating to its judgment (“Claim”), the Estate was reopened.
Attorney Gregory Ebenfeld was eventually appointed personal representative of the Estate (“Personal Representative”). Shortly thereafter, upon motion by Glenda Davis, as Trustee of the Trust (“Trustee”), the probate court entered an order limiting the powers of the personal representative (“Limiting Order”). Specifically, the Limiting Order provided:
ORDERED AND ADJUDGED that any personal representative appointed to conduct the subsequent administration of this Estate should have no powers, duties, responsibilities, or authority ... to take possession or control of the decedent’s property, except to the extent that it may ultimately become necessary, as authorized in Florida Statute 733.812, to seek the return of assets or funds to pay the Marcus & Marcus Judgment.
The Personal Representative hired the law firm Snyder & Snyder, P.A. (“Snyder Firm”) to represent him. Approximately six months later, in an effort to negotiate a resolution of the Claim, and with the parties’ agreement, the court entered an order tolling the time to litigate the Claim. Despite the entry of the tolling order, and the Trustee’s willingness to fund her share of any settlement of the Claim, the Personal Representative hired a second law firm, the Law Offices of Adrian Phillip Thomas, P.A. (“Thomas”). Nearly nine months after being retained, Thomas filed a motion to withdraw, noting that it had been “discharged” by the Personal Representative. Thomas filed a motion for the award of attorneys’ fees from the Estate and a hearing was held.
According to the testimony of Mr. Shawn Snyder at the hearing, Thomas was retained “with the idea that it was becoming more and more likely that we would have to hire a civil litigator in order to defend against this.” Mr. Snyder further elaborated that “the initial purpose of Mr. Thomas’ firm was to go ahead and reclaim the assets,” and that “[t]he final reason why Mr. Thomas’ firm was brought in was due to the lack of communication with Mrs. Webb.” The probate court granted Thomas’ motion and entered a judgment in favor of Thomas in the amount of $36,980.36. This appeal followed.
We review the question of legal entitlement to attorney’s fees de novo. See Hinkley v. Gould, Cooksey, Fennell, O’Neill, Marine, Carter & Hafner, P.A., 971 So.2d 955, 956 (Fla. 5th DCA 2007).
Section 733.613, Florida Statutes provides that
Except as otherwise provided by the will or court order ... a personal representative, acting reasonably for the benefit of the interested persons, may properly:
[[Image here]]
(19) Employ persons, including, but not limited to, attorneys, accountants, auditors, appraisers, investment advisers, and others, even if they are one and the same as the personal representative or are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties
§ 733.613, Fla. Stat. (2008) (emphasis added).
Section 733.106, Florida Statutes, provides, in pertinent part, that “[a]ny attorney who has rendered services to an estate may be awarded reasonable compensation from the estate.” § 733.106, Fla. Stat. (2008). The right to recover attorney’s fees, however, is dependent upon *705 whether the attorney has “rendered services that have ‘benefited the estate.’ ” Cushing v. Estate of Reynolds, 489 So.2d 1204, 1205 (Fla. 3d DCA 1986) (citation omitted); In re Estate of Rayhill, 489 So.2d 87 (Fla. 3d DCA 1986). Furthermore, “[t]he standard for awarding attorney’s fees from estate funds has long been well established. In order to be entitled to a reasonable attorney’s fee from estate funds, the lawyer’s services, must have been either necessary for or beneficial to the probate estate.” Heirs of the Estate of Waldon v. Rotella, 427 So.2d 261, 263 (Fla. 5th DCA 1983).
Here, the Personal Representative was “strictly limited to addressing the Marcus & Marcus claim.” It is undisputed that the Personal Representative, an attorney himself, hired the Snyder Firm as his counsel. However, the Personal Representative appears to have put the cart before the proverbial horse by retaining yet another law firm, to recapture assets for the payment of attorney’s fees in the purported anticipation of litigation that never actually came to pass. While Mr. Snyder testified as to the purported grounds for hiring Thomas, Thomas’ retainer agreement, states that he was “retained to represent [the Personal Representative] to recapture assets in order to have attorney’s fees and costs of the estate paid.”
While Thomas filed motions for the recapture of assets and to compel mediation as to his motions, we find nothing in the record demonstrating that Thomas’ services were either necessary or beneficial to the Estate. Accordingly, we find no support for the award of Thomas’ attorney’s fees from the Estate.
Reversed.