NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TARA M. BROWN,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No.   2D14-3386
                                        )
RICHARD W. BROWN and DR.                )
CHRISTINA HANSEN,                       )
                                        )
            Appellees.                  )
_____)

Opinion filed December 18, 2015.

Appeal from the Circuit Court for Lee
County; James H. Seals, Senior Judge.

Luis E. Insignares of Luis E.
Insignares, P.A., Fort Myers, for
Appellant.

Harold S. Eskin of Harold S. Eskin,
P.A., Cape Coral, for Appellee Dr.
Christina Hansen.

No appearance for Appellee
Richard W. Brown.

KELLY, Judge.

Tara M. Brown appeals from the final order awarding Christina Hansen,

Psy.D., attorney's fees and expert witness fees based on a fee provision in a contract

for services.  We hold that the contract provision does not apply to the circumstances of this case and reverse the award of fees.

In the midst of their dissolution of marriage proceedings, Tara M. Brown, the former wife, and Richard W. Brown, the former husband, agreed to have Dr. Hansen appointed to perform a parenting plan evaluation to assist the court in determining parenting responsibilities.  Each of the parties executed a written contract for Dr. Hansen's services which included identical attorney's fee provisions.  In the course of her dealings with the parties, Dr. Hansen found it necessary to hire her own counsel to advise her how to proceed when the former husband sought to subpoena records and the former wife objected to the subpoena.  Dr. Hansen then filed a motion for attorney's fees and costs under the contracts for her services.  In her motion, Dr. Hansen stated:

> Each contract specified that "a claimant is responsible for any costs and expenses, including attorney's fees, incurred in connection with any legal claims, legal actions, investigations, administrative proceedings . . . or any other actions brought by the claimant or on behalf of the claimant's child against a court-appointed psychologist performing a Parenting Plan evaluation . . . .  (Paragraph 3, LEGAL ISSUES, page 4 of each contract)."

During a hearing on the motion, Dr. Hansen's attorney testified as to her charges for legal services, and an expert witness testified as to the reasonableness of the charges.  At the conclusion of the hearing, the trial court found that Dr. Hansen's contracts with the parties required the parties to pay costs and expenses, including attorney's fees, incurred in connection with any legal matters regarding Dr. Hansen. The court found that it was necessary for Dr. Hansen to retain independent legal counsel to assist her with discovery issues that had arisen in the course of her provision

- 2 -

of services to the parties.  The court found that the requested amount of attorney and expert witness fees were reasonable and granted Dr. Hansen's motion.

"It is well-settled that attorneys' fees can derive only from either a statutory basis or an agreement between the parties."  Trytek v. Gale Indus., Inc., 3 So. 3d 1194, 1198 (Fla. 2009) (citing State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 832 (Fla. 1993)).  When entitlement to attorney's fees is based on the interpretation of a provision in a contract, an appellate court will undertake a de novo review to determine the appropriate construction of the contract.  Gibbs Constr. Co. v. S.L. Page Corp., 755 So. 2d 787, 790 (Fla. 2d DCA 2000).  Our de novo review of the terms of the contract requires us to reverse the trial court's award of fees to Dr. Hansen.  When the attorney's fee clause is considered in context, it is clear that it applies only to legal actions filed *against* the psychologist as a result of her preparation of a parenting plan evaluation. The attorney's fee clause in each of the contracts states as follows:

> LEGAL ISSUES:
> 1. Dr. Hansen is required to report any suspected physical or sexual abuse of children.  If you or your child reports such abuse, she must report it unless it has been previously reported.
>
> 2. Any parent who desires to file legal action against a court-appointed psychologist performing a Parenting Plan Evaluation first must petition the presiding judge to appoint another psychologist and show good cause before legal action can be pursued against the original psychologist.
>
> 3.  A claimant is responsible for any costs and expenses, including attorney's fees, incurred in connection with any legal claims, legal actions, investigations, administrative proceedings including informal and regulatory complaints, or any other actions *brought by the claimant or on behalf of the claimant's child, against a court-appointed*

> *psychologist performing a Parenting Plan evaluation who is not held liable.*

(emphasis added).

As the former wife argues, the charges for legal services she was ordered to pay were not related to any action filed against Dr. Hansen. Accordingly, we reverse the order awarding attorney and expert witness fees to Dr. Hansen under the "Legal Issues" provision of the contract.

Reversed.


WALLACE and CRENSHAW, JJ., Concur.