IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WELLS FARGO BANK NATIONAL
ASSOCIATION, AS TRUSTEE AND
CUSTODIAN FOR MORGAN STANLEY
ABS CAPITAL, MSAC 2007-HE3,

      Appellant,

v.

ADREN BIRD, URAIWAN BIRD AND
U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE,

      Appellees.

Case No.  5D16-669

_____/

Opinion filed January 5, 2018

Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

Kimberly S. Mello, Jonathan S. Tannen and
Danielle M. Diaz, of Greenberg Traurig,
P.A., Tampa, for Appellant.

Carl J. Hognefelt, of Law Office of Carl J.
Hognefelt, Tampa, for Appellees.


PER CURIAM.

      Wells Fargo Bank National Association ("Wells Fargo") appeals the final judgment

imposing a set amount of contractual attorney's fees against it and in favor of Adren and

Uraiwan Bird ("Borrowers"). Wells Fargo argues that Borrowers cannot recover contractual attorney's fees based on the attorney's fees provision in paragraph 22 of the mortgage and section 57.105(7), Florida Statutes (2006), because the mortgage was void. We agree and reverse.

Contractual attorney's fees must be enforced "absent compelling circumstances." M.A. Hajianpour, M.D., P.A. v. Khosrow Maleki, P.A., 975 So. 2d 1288, 1289 (Fla. 4th DCA 2008) (citing Hutchinson v. Hutchinson, 687 So. 2d 912 (Fla. 4th DCA 1997)). "The prevailing party is the party that won on the significant issues in litigation." Id. at 1289-90. (citing Mortiz v. Hoyt Enters., Inc., 604 So. 2d 807 (Fla. 1992)). "Generally, a trial court's determination of which party prevailed and its award of attorney's fees is reviewed for an abuse of discretion." T & W Developers, Inc. v. Salmonsen, 31 So. 3d 298, 301 (Fla. 5th DCA 2010) (citing Hinkley v. Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A., 971 So. 2d 955, 956 (Fla. 5th DCA 2007)). The abuse of discretion standard is "usually with regard to the amount of an award rather than the actual entitlement to an award." Hinkley, 971 So. 2d at 956 (citing DiStefano Constr., Inc. v. Fid. & Deposit Co., 597 So. 2d 248, 250 (Fla. 1992)). "However, when entitlement to attorney's fees is based on the interpretation of contractual provisions, see Gibbs Construction Co. v. S.L. Page Corp., 755 So. 2d 787, 790 (Fla. 2d DCA 2000), or a statute, see Allstate Insurance Co. v. Regar, 942 So. 2d 969, 971 (Fla. 2d DCA 2006), as a pure matter of law, the appellate court undertakes a de novo review." Hinkley, 971 So. 2d at 956.

Here, it is undisputed that Borrowers' signatures on the mortgage were forged. Consequently, there was no valid contract between Borrowers and Wells Fargo. See Jamnadas v. Singh, 731 So. 2d 69, 70 (Fla. 5th DCA 1999) ("A forged mortgage is void,

a legal nullity." (citing Se. Bank, N.A. v. Sapp, 554 So. 2d 1193 (Fla. 1st DCA 1989))).

Thus, because there was no valid contract, it was error to award attorney's fees under either paragraph 22 of the mortgage or the reciprocity rule found in section 57.105(7), Florida Statutes. See Bank of N. Y. Mellon v. Mestre, 159 So. 3d 953, 956 (Fla. 5th DCA 2015) (holding attorney's fees cannot be awarded under attorney's fees clause in a void mortgage).[1] And inasmuch as Borrowers are not entitled to contractual attorney's fees, they are also not entitled to recover their expert witness costs. See Marty v. Bainter, 727 So. 2d 1124, 1125 (Fla. 1st DCA 1999) (citing Jupiter Mall Realty Corp. v. Rosner's, Inc., 614 So. 2d 52 (Fla. 4th DCA 1993)); Cohen v. Gen. Motors Corp., 444 So. 2d 1170, 1171 (Fla. 4th DCA 1984).

Accordingly, we reverse that portion of the final judgment awarding attorney's fees and expert witness costs to Borrowers. In all other respects, we affirm.

AFFIRMED in part, REVERSED in part.

SAWAYA, ORFINGER and BERGER, JJ., concur.

---

[1] The trial court's attempt to distinguish Mestre on the basis that there was a judicial determination that the mortgage was fraudulent in that case essentially eliminates the movant's burden of proving that a contractual provision for attorney's fees exists and would allow contractual attorney's fees to be awarded to and against non-parties to the contract. That is clearly not permissible. See Fla. Cmty. Bank, N.A. v. Red Road Residential, LLC, 197 So. 3d 1112, 1115 (Fla. 3d DCA 2016) ("As section 57.105(7) plainly requires, to gain the benefit of its substantive entitlement to prevailing party fees, the party seeking the benefit of reciprocity must be a party to the contract containing the fee provision." (citing Novastar Mortg., Inc. v. Strassburger, 855 So. 2d 130, 131 (Fla. 4th DCA 2003))).