PER CURIAM.
The issue presented in this appeal is whether appellant was liable for attorney’s fees. Appellant was compelled by the court to file an answer, and appellant claimed in its affirmative defenses that appellees had not complied with all conditions precedent to filing suit in the underlying insurance policy. The trial court found that appellees were entitled to attorney’s fees and entered a final judgment for attorney’s fees and costs in the amount of $41,775.50. We hold that appellees were not entitled to attorney’s fees in this case, and we reverse.
Where an insured prevails in litigation against an insurance company, the insured is generally entitled to reasonable attorney’s fees. § 627.428(1), Fla. Stat. (2009). Likewise, where an insurance company pays on a claim after the insured files suit but before judgment is rendered, the payment constitutes a “confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney’s fees.” Ivey v. Allstate Ins. Co., 774 So.2d 679, 685 (Fla.2000). Appellant, when it assumes the liabilities of an insolvent insurance company, generally possesses “all rights, duties, defenses, and obligations of the insolvent insurer.” § 631.57(1)0»), Fla. Stat. (2009). Section 631.70 excludes FIGA from the provisions of section 627.428, “except when the association denies by affirmative action, other than delay, a covered claim or a portion thereof.”
Appellees filed a homeowner’s insurance claim with appellant after their own insurance company became insolvent. A few weeks later, before appellant investigated the claim and ostensibly to avoid the expiration of the statute of limitations, appel-lees filed suit against appellant. Having had insufficient time to investigate the claim, appellant sought two extensions of time to respond to the complaint. It then requested to stay the proceedings or dismiss the complaint pending completion of its investigation. Appellees opposed the motion. The trial court denied the motion and compelled appellant to “answer the complaint in 10 days.”
Pursuant to that order, appellant filed its answer and affirmative defenses in which it claimed that appellees had not complied with all conditions precedent to filing suit and, accordingly, no valid coverage existed. The parties later settled the underlying suit, and appellees moved the court for an award of attorney’s fees. Ap-pellees argued successfully in the trial court that appellant’s filing of the affirmative defense was an “affirmative action,” triggering appellant’s obligation to pay fees under section 631.70.
As the trial court’s order of entitlement was based on its interpretation of a statute, our review is de novo. T & W Developers, Inc. v. Salmonsen, 31 So.3d 298, 301 (Fla. 5th DCA 2010). Based on the specific facts of this case, we find that appellant’s filing of an answer and affirmative defenses pursuant to a court order did not constitute a “denial” of appellees’ claim by affirmative action other than delay. Appellant was compelled to answer the complaint by the trial court; appellant did not voluntarily deny the claim. Rather, appellant simply asserted its legitimate defenses under the policy. Essentially, appellant “delayed” paying the claim until it had sufficient time to investigate. At no time did appellant explicitly deny the claim itself.
Because the facts of this case do not satisfy the exception to appellant’s exclusion from section 627.428, the court erred in awarding attorney’s fees. Therefore, *851 we reverse the judgment awarding attorney’s fees in favor of appellees.

Reversed.

MAY, DAMOORGIAN and LEVINE, JJ., concur.