MAY, J.
The Florida Insurance Guaranty Association (FIGA) appeals an award of attorney’s fees against it, pursuant to section 631.70, Florida Statutes (2008). It argues the trial court erred in finding that it denied coverage by affirmative action other than delay. We agree and reverse.
*542 Atlantic Preferred issued an insurance policy to the insured, which was in effect when the insured’s property was damaged by Hurricane Wilma. The insured made a claim to Atlantic Preferred, which evaluated the damage and determined the amount of loss did not exceed the insured’s deductible. Atlantic Preferred did not pay the claim.
Subsequently, Atlantic Preferred was placed in receivership and, pursuant to section 631.57, FIGA stepped in to provide a mechanism for the payment of “covered claims.”
FIGA reviewed the claim and agreed to send an independent third party adjuster to inspect the property and prepare an estimate of the damage. The estimate sent to the insured showed that it dealt only with “Coverage A” and broke down damage valuations by category including: “roof,” “exterior,” “patio,” and “interior.” The estimate noted there was “NO VISIBLE STORM DAMAGE TO THE INTERIOR.”
FIGA wrote to the insured indicating that it was paying $3,841.35 minus the applicable deductible for a total payment of $981.35. The letter did not indicate that FIGA was denying coverage. The record does not indicate that the insured objected to the amount tendered.
The insured then filed suit to recover additional monies under the same insurance policy. FIGA moved to compel an appraisal and stay the action. The parties agreed to proceed with the appraisal process. An appraisal award was executed, determining the amount of loss to be $21,889.00 for Coverage A, $675.00 for Coverage B, and nothing for Coverage C and D. FIGA paid the appraisal award of $18,057.65 for Coverage A and $675.00 for Coverage B, including deductions for prior payments.
The insured claimed that FIGA denied his claim by refusing to pay the additional amount prior to the filing of the lawsuit. The insured argued that because the appraisal yielded an amount greater than FIGA’s initial payment, FIGA denied the claim, entitling him to attorney’s fees and costs pursuant to sections 631.70, 631.50 and 627.428. FIGA responded that attorney’s fees could not be awarded against FIGA because it did not deny the insured’s claim by affirmative action other than delay.
The trial court found that FIGA denied the claim by affirmative action when the independent adjuster found “NO VISIBLE STORM DAMAGE TO THE INTERIOR.” The trial court granted the insured’s motion to determine attorney’s fees and costs. FIGA filed a motion for reconsideration based upon the Third District’s decision in Sunshine State Insurance Co. v. Davide, 15 So.3d 749 (Fla. 3d DCA 2009). Without a hearing, the trial court denied the motion for reconsideration, and entered a final judgment, from which FIGA appeals.
We review the trial court’s interpretation of sections 631.70 and 627.428 de novo. Fla. Ins. Guar. Ass’n v. Soto, 979 So.2d 964, 966 (Fla. 3d DCA 2008).
FIGA is a statutory creature, “subject to special rules specifically formulated by the Florida legislature.” FIGA v. R.V.M.P. Corp., 874 F.2d 1528, 1532 (11th Cir.1989). While created to cover claims under policies issued by insolvent carriers, “the full gamut of a defunct insurance company’s liabilities was not intended to be shifted onto FIGA.” Williams v. Fla. Ins. Guar. Ass’n, 549 So.2d 253, 254 (Fla. 5th DCA 1989). Chapter 631 was designed to manage, but not bankrupt the statute’s funding and payment mechanism. Id.
The FIGA Act limits the liability of FIGA and bestows upon FIGA all policy defenses as well as any defenses available under common law. § 631.57(l)(b), Fla. *543 Stat. (2008). In no event is FIGA obligated to a policyholder or claimant in an amount in excess of the statutory maximum or in excess of the obligation of the insolvent insurer under the policy from which the claim arises. Jones v. Fla. Ins. Guar. Ass’n, 908 So.2d 435, 453-54 (Fla. 2005) (citing § 631.57, Fla. Stat. (2008)). FIGA cannot be held liable for any penalties or interest. § 631.57(1)(b), Fla. Stat. (2008). And, FIGA is not responsible for the payment of an insured’s attorney’s fees and costs unless it denies the claim by affirmative action other than delay. Jones, 908 So.2d at 453 (citing § 631.70, Fla. Stat. (2008)).
Here, FIGA never denied coverage. The insured submitted a claim, and FIGA assumed limited responsibility, pursuant to chapter 631. FIGA hired an independent adjuster to inspect the claim and tendered payment. Nothing in FIGA’s payment transmittal letter indicated that it denied the claim, and the insured never claimed more than the amount tendered. Within twenty-three (23) days of the insured filing the complaint, FIGA requested an appraisal.
Section 631.70, Florida Statutes, states: The provisions of s. 627.428 providing for an attorney’s fee shall not be applicable to any claim presented to the association under the provisions of this part, except when the association denies by affirmative action, other than delay, a covered claim or a portion thereof.
Section 631.70 unambiguously creates the boundaries of FIGA’s liability for attorney’s fees. FIGA is responsible for attorney’s fees only when it “denie[s] coverage by affirmative action,” other than delay, and there is an “underlying entitlement to fees pursuant to Section 627.428, Florida Statutes.... ” Fla. Ins. Guar. Ass’n v. Jacques, 643 So.2d 101, 102 (Fla. 4th DCA 1994). Here, FIGA did not deny the insured’s claim; therefore, section 631.70 bars the application of section 627.428.
The Third District recently concluded that a dispute as to the amount to be paid is not a denial of coverage. Sunshine State, 15 So.3d at 750-51. We also recently held that FIGA’s filing of affirmative defenses at the direction of the court is not a denial of coverage. Fla. Ins. Guar. Ass’n v. Ehrlich, — So.3d -, 2011 WL 1661386 (Fla. 4th DCA 2011).
To sustain the award of attorney’s fees would render the Legislature’s creation of section 631.70 meaningless. Therefore, we hold that a dispute about the amount of damages does not constitute a denial of coverage by affirmative action, other than delay, exposing FIGA to attorney’s fees under section 631.70. As there was no denial of coverage by affirmative action, we therefore reverse the judgment for the insured and remand the case to the trial court for entry of judgment for FIGA.

Reversed and Remanded.

DAMOORGIAN and LEVINE, JJ., concur.