ON MOTION FOR REHEARING

PER CURIAM.
The motion for rehearing filed by appellant, Florida Insurance Guaranty Association, Inc. (FIGA), is denied. Both Florida Insurance Guaranty Ass’n v. Smothers, 65 So.3d 541 (Fla. 4th DCA 2011) and Florida Insurance Guaranty Ass’n v. Ehrlich, — So.3d -, 2011 WL 1661386, 36 Fla. L. Weekly D939 (Fla. 4th DCA May 4, 2011) are distinguishable. In Smothers, FIGA filed a demand for an appraisal, not an answer and affirmative defenses. In Ehrlich, the court compelled an answer and affirmative defenses, when FIGA sought additional extensions. In this case, FIGA filed an answer and affirmative defenses denying coverage without a court order compelling an answer. It then settled the case, which may be deemed a confession of judgment. See Willey v. M.E Roark, Inc., 616 So.2d 1140, 1142 (Fla. 4th DCA 1993). While FIGA has argued that it did not really contest coverage, there is no record to reflect that or the circumstances of the payment of the claim, as appellant’s initial brief concedes.
After having filed an answer and affirmative defenses affirmatively denying coverage for the claim and the amount of damages, FIGA proceeded to settle the claim. Without showing the circumstances of the settlement and whether there was a real contest to the claim, FIGA has not provided an appellate record sufficient for this court to consider its contentions that it did not deny coverage by affirmative action other than delay. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979).
WARNER, TAYLOR, and CONNER, JJ., concur.