GERBER, J.
The insureds appeal the circuit court’s order denying their motion to recover their attorney’s fees from the Florida Insurance Guaranty Association (“FIGA”). The insureds argue that they were entitled to recover their attorney’s fees because FIGA denied their covered claim “by affirmative action.” § 631.70, Fla. Stat. (2010). We agree with the insureds and reverse.
The insureds filed a two-count complaint against FIGA for breach of contract and for declaratory relief. The insureds alleged that they provided FIGA with timely notice of their claim and performed all other conditions precedent for recovery, but FIGA refused to pay their claim.
FIGA filed a motion to dismiss the count for declaratory relief for failure to state a cause of action and to dismiss the action as a whole because the insureds allegedly “fail[ed] to comply with all post-loss obligations.” In response, the insureds voluntarily dismissed their count for declaratory relief. FIGA then filed a motion for extension of time to respond to the count for breach of contract because its counsel was “awaiting receipt of the claim file ... in order to determine [FIGA’s] appropriate response and/or defenses.” FIGA next filed a motion to compel the insureds to answer its discovery requests. Without obtaining a ruling on that motion, and without seeking a further extension of time to respond to the count for breach of contract, FIGA filed its answer to the count for breach of contract. In the answer, FIGA denied the insureds’ material allegations. FIGA also asserted eight affirmative defenses. In seven of those defenses, FIGA alleged that the insureds’ damages “[were] not caused by a covered loss.”
FIGA eventually demanded that the parties submit to an appraisal pursuant to the policy. FIGA later paid the appraisal award to the insureds.
The insureds then filed a motion to recover their attorney’s fees from FIGA pursuant to section 627.428(1), Florida Statutes (2010). That statute provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (2010). See also Ivey v. Allstate Ins. Co., 774 So.2d 679, 684-85 (Fla.2000) (“[W]here an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney’s fees.”) (citation omitted).
The circuit court denied the insureds’ motion pursuant to section 681.70, Florida Statutes (2010), which provides that “[t]he provisions of s. 627.428 providing for an attorney’s fee shall not be applicable to any claim presented to [FIGA] ... except when [FIGA] denies by affirmative action, other than delay, a covered claim or a portion thereof.” The court reasoned that “[FIGA’s] affirmative defenses do not constitute an affirmative denial pursuant to Florida Statute § 631.70 ... [and the insureds] have not otherwise established an affirmative denial on the part of [FIGA].”
*243 This appeal followed. The insureds argue that they were entitled to recover their attorney’s fees because FIGA denied their covered claim “by affirmative action.” § 631.70, Fla. Stat. (2010). Our review of this argument is de novo. See Fla. Ins. Guar. Ass’n v. Smothers, 65 So.3d 541, 542 (Fla. 4th DCA 2011) (“We review the trial court’s interpretation of sections 631.70 and 627.428 de novo.”) (emphasis and citation omitted).
We conclude that FIGA denied the insureds’ claim “by affirmative action.” § 631.70, Fla. Stat. (2010). FIGA’s seven affirmative defenses alleged that the insureds’ damages “were not caused by a covered loss.” By alleging that the insureds’ damages “[were] not caused by a covered loss,” FIGA denied the insureds’ claim “by affirmative action.” Cf. Fla. Ins. Guar. Ass’n v. Gustinger, 390 So.2d 420, 421 (Fla. 3d DCA 1980) (FIGA’s affirmative defense contending that the insured’s claim for attorney’s fees “does not come within the definition of ‘covered claim’” constituted the “deni(al) by affirmative action, other than delay, (of) a covered claim” within the meaning of section 631.70) (other internal quotations omitted).
We distinguish this case from our recent decision in Florida Insurance Guaranty Association v. Ehrlich, — So.3d -, 2011 WL 1661386 (Fla. 4th DCA 2011). There, the insureds filed a claim with FIGA. A few weeks later, before FIGA investigated the claim, the insureds sued FIGA. Having had insufficient time to investigate the claim, FIGA sought two extensions of time to respond to the complaint. It then moved to stay the proceedings or dismiss the complaint pending completion of its investigation. The circuit court denied the motions and compelled FIGA to answer the complaint in ten days. Pursuant to that order, FIGA filed its answer and affirmative defense in which it claimed that the insureds had not complied with all conditions precedent to filing suit and, for that reason, no coverage existed. The parties later settled the underlying suit, and the insureds moved for an award of attorney’s fees. The insureds argued that FIGA’s filing of the affirmative defense was an “affirmative action” triggering FIGA’s obligation to pay attorney’s fees under section 631.70. The circuit court granted the insureds’ motion.
We reversed, holding that the insureds were not entitled to recover their attorney’s fees. We reasoned:
[FIGA’s] filing of an answer and affirmative defenses pursuant to a court order did not constitute a “denial” of [the insureds’] claim by affirmative action other than delay. [FIGA] was compelled to answer the complaint by the trial court; [FIGA] did not voluntarily deny the claim. Rather, [FIGA] simply asserted its legitimate defenses under the policy. Essentially, [FIGA] “delayed” paying the claim until it had sufficient time to investigate. At no time did [FIGA] explicitly deny the claim itself.
This case differs from Ehrlich. Here, FIGA never filed a motion to stay the proceedings to complete its investigation. Instead, FIGA filed a motion to dismiss because the insureds’ count for declaratory relief failed to state a cause of action and because the insureds allegedly “fail[ed] to comply with all post-loss obligations.” FIGA also moved for an extension of time to respond to the insureds’ count for breach of contract, not to complete its investigation, but because its counsel was “awaiting receipt of the claim file ... in order to determine [FIGA’s] appropriate response and/or defenses.” FIGA then moved to compel the insureds to answer its discovery requests. Without obtaining a ruling on that motion, and without seeking a further extension of time to respond *244 to the count for breach of contract, FIGA filed its answer to the count for breach of contract. In the answer, FIGA did not allege merely that the insureds had not complied with all conditions precedent to filing suit such that no coverage existed. Instead, FIGA asserted eight affirmative defenses, seven of which alleged that the insureds’ damages “were not caused by a covered loss.” Thus, without the circuit court ever compelling FIGA to answer the complaint, and without FIGA requesting more time to “sufficiently” investigate the claim, FIGA explicitly denied the claim by alleging in seven affirmative defenses that the insureds’ damages “[were] not caused by a covered loss.” We interpret that action, in the context of FIGA’s overall course of conduct, as “denifal] by affirmative action.”
FIGA nevertheless contends that it was compelled to allege those affirmative defenses because the “failure to ... assert affirmative defenses [ ] would result in a waiver.” We disagree. We recognize that Florida Rule of Civil Procedure 1.140(h)(1) (2010) provides that “[a] party waives all defenses and objections that the party does not present either by motion ... or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).” However, Florida Rule of Civil Procedure 1.190(e) (2010) provides:
At any time in furtherance of justice, upon such terms as may be just, the court may permit any ... pleading ... to be amended.... At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties. '
In this situation, we reconcile rules 1.140(h)(1) and 1.190(e) to mean that if a defendant is without knowledge to present a defense in a responsive pleading, but later acquires such knowledge through due diligence, the court may permit the defendant to add that defense as long as the amendment does not affect the substantial rights of the plaintiff. See Wayne Creasy Agency, Inc. v. Maillard, 604 So.2d 1235, 1236 (Fla. 3d DCA 1992) (denial of leave to amend an answer is an abuse of discretion where the proffered amendment indicates that the defendant could prevail with the assertion of a properly available defense and the plaintiff would not be prejudiced by the amendment).
Applied here, if FIGA believed, as it did in Ehrlich, that it had insufficient time to investigate the claim, then it should have sought a motion for extension of time to respond to the complaint for that reason. If the circuit court denied that motion, then FIGA, as it did in Ehrlich, should have crafted its answer to avoid any allegation constituting a denial of the claim by affirmative action. Because FIGA did not do so here, but instead alleged in seven affirmative defenses that the insureds’ damages “[were] not caused by a covered loss,” we must conclude that the insureds are entitled to recover them attorney’s fees pursuant to sections 627.428(1) and 631.70. See Fla. Ins. Guar. Ass’n v. Messina, 69 So.3d 304 (Fla. 4th DCA 2011) (distinguishing Ehrlich and finding that FIGA denied coverage by affirmative action where FIGA filed an answer and affirmative defenses denying coverage for the claim and the amount of damages without a court order compelling an answer).
Based on the foregoing, we reverse the circuit court’s denial of the insureds’ motion for attorney’s fees. We remand for the circuit court to set an evidentiary hearing to determine “a reasonable sum as fees or compensation for the [insureds’] ... attorney prosecuting the suit.” See § 627.428(1), Fla. Stat. (2010).[1]

Reversed and remanded.

DAMOORGIAN, J., and MARX, KRISTA, Associate Judge, concur.

. We also remand for the circuit court to determine whether the insureds are entitled to recover their costs from FIGA pursuant to section 57.041(1), Florida Statutes (2010) ("The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment...."). The insureds requested such costs in their "Motion for Attorney’s Fees and Costs,” but the circuit court did not address that request in its "Order on Plaintiffs' Motion for Entitlement to Attorney's Fees.” Because the insureds’ request for costs is not properly before us, we decline to determine whether the insureds are precluded from recovering their costs pursuant to section 57.041 without a judgment, see Cheetham v. Brickman, 861 So.2d 82, 83 (Fla. 3d DCA 2003) ("[0]nly a prevailing party who recovers a judgment is entitled to recover costs under section 57.041.”), or whether the insureds are entitled to recover their costs pursuant to section 57.041 without a judgment just as they are entitled to recover their attorney’s fees pursuant to section 627.428(1) without a judgment. See Ivey, 774 So.2d at 684-85 ("[Wjhere an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney’s fees.”) (citation omitted).