PER CURIAM.
Appellant, Susan Gena, challenges an order confirming an appraisal award and denying her motion for attorney’s fees. She argues that Appellee, the Florida Insurance Guaranty Association (“FIGA”), is responsible for her attorney’s fees under section 627.428, Florida Statutes, because its refusal to adjust her claim before the statute of limitations expired constituted a denial of her claim by affirmative action pursuant to section 631.70, Florida Statutes. We reject Appellant’s argument and affirm.
Appellant’s property was damaged in 2005 as a result of Hurricane Wilma. When she was notified that her insurance carrier, Atlantic Preferred Insurance Company, became insolvent, she submitted a claim to FIGA, a public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain insurance policies issued by insurers that have become insolvent. By letter dated May 16, 2008, FIGA informed Appellant that the deadline by which her claim had to be settled or by which she had to file a lawsuit expired on June 2, 2008. It further set forth, “Unfortunately, it appears there is insufficient time for [FIGA] to investigate, evaluate and settle your claim prior to the expiration of the approaching deadline. Therefore, if you wish to pursue your claim further, [FIGA] recommends you seek legal advice immediately.” One day before the applicable statute of limitations expired, appellant’s newly-hired counsel filed a breach of contract action against FIGA. Thereafter, the parties agreed to abate the action and proceed through the appraisal process. The court later awarded appellant $131,440.18 as a result of the hurricane damage but denied Appellant’s motion for fees, reasoning that FIGA did not “by affirmative action other than delay” deny Appellant’s claim. This appeal followed.
Section 627.428(1), Florida Statutes (2007), provides that an insured is entitled to attorney’s fees upon the rendition of a judgment against an insurer. Section 631.70, Florida Statutes (2007), provides that “[t]he provisions of s. 627.428 providing for an attorney’s fee shall not be applicable to any claim presented to [FIGA] under the provisions of this part, except when ... [FIGA] denies by affirmative *1145 action, other than delay, a covered claim or a portion thereof.” Appellant’s argument on appeal that she was entitled to fees under section 627.428 is reviewable de novo. Fla. Ins. Guar. Ass’n v. Smothers, 65 So.3d 541, 542 (Fla. 4th DCA 2011).
We agree with the trial court that Appellant is not entitled to attorney’s fees under section 627.428 as FIGA never denied Appellant’s claim. Instead, it informed Appellant that it would not be able to investigate and settle her claim before the statute of limitations expired and advised her to seek legal counsel. Even if we were to say that the May 2008 letter constituted a denial of Appellant’s claim, Appellant would still not be entitled to fees because any denial resulted from delay. By including the “other than delay” language in section 631.70, the Legislature was obviously aware that FIGA might be unable to timely handle all of the claims filed with it following an insolvency and sought to shield the entity from liability for fees in those instances where insureds filed suit because of the untimely processing of claims. The situation in this case is similar to that in Florida Insurance Guaranty Association v. Ehrlich, 82 So.3d 849 (Fla. 4th DCA 2011), where the insureds filed a claim with FIGA and then filed suit a few weeks later before FIGA investigated the claim in order to avoid the expiration of the statute of limitations. In concluding that the insureds were not entitled to fees under section 627.428, the Fourth District in Ehrlich reasoned that FIGA essentially delayed paying the claim until it had sufficient time to investigate and at no time explicitly denied the insureds’ claim. Id. The same reasoning is applicable in this case. As such, the trial court did not err in denying’s Appellant’s motion for fees.
Accordingly, we AFFIRM.
DAVIS and RAY, JJ., concur; THOMAS, J., Dissents with Opinion.