THOMAS, J.,
Dissenting.
I respectfully dissent. Because the Florida Insurance Guaranty Association (“FIGA”) constructively denied Appellant’s claims defacto, it is required to pay Appellant’s attorney’s fees under sections 627.428(1) and 631.70, Florida Statutes. As Appellant asserts, Florida Statutes do not require that she prevail on the issue of coverage, but only on the payment of a covered claim, which she obtained; thus, she is entitled to payment of the fees she incurred in obtaining that payment. See generally Florida Ins. Guar. Ass’n v. Giordano, 485 So.2d 453 (Fla. 3d DCA 1986). Although FIGA couched its denial of Appellant’s property claim in terms of “insufficient time” to review the claim, its refusal to pay the covered claim within a reasonable time constituted a denial of Appellant’s claim as a matter of law.
Under section 631.70, Florida Statutes, attorney’s fees are payable to an insured that prevails in litigation, but such fees “shall not be applicable to any claim presented to [FIGA] .... except when [it] denies by affirmative action, other than delay, a covered claim or a portion thereof.” As Appellant persuasively argues, the only logical interpretation of section 631.70 is to relieve FIGA of any responsibility of delays caused by the insolvent company’s prior actions, not to give FIGA the authority to refuse action on a covered claim by simply labeling its refusal as a “delay.” Although FIGA claimed it had insufficient time to resolve Appellant’s request for coverage, it is the courts, not FIGA, that determine whether it “affirmatively” denied the claim. Bush v. Schiavo, 885 So.2d 321, 330 (Fla.2004) (“the power of the judiciary is ‘not merely to rule on eases, but to decide them ....’”) (emphasis in original; citation omitted). Were we *1146 to merely accept FIGA’s self-serving description of its actions, it could continue to deny claims with impunity by simply alleging there was “insufficient time” to resolve the claim, thus forcing policyholders to wait months for emergency and necessary payments and repairs and, as here, endure the cost of litigation to obtain their rightful insurance proceeds.
Appellant notified her insurance carrier in 2005 regarding the hurricane damage to her home. The carrier “eventually” notified Appellant of its insolvency, and Appellant “finally called FIGA” in 2008. Appellant received a service request status for her claim, but after a month’s delay, FIGA notified her that she needed a “hurricane service request number” but there was not time to process the service request before the deadline. By letter dated May 16, 2008, FIGA notified Appellant that there was insufficient time to consider her claim. Appellant presented an affidavit from an insurance adjuster with 40 years’ experience in claim adjustments stating that FIGA could have investigated the claim in a week, much less two months or longer. This evidence was not refuted below.[1]
Thus, after FIGA stepped into the shoes of Appellant’s insolvent insurer, it did not take action on Appellant’s claim for at least two months, it did not schedule any action on the claim or waive its statute of limitations defense to commit to settlement of the claim, and it explicitly instructed Appellant to seek legal representation, as the statute of limitations would soon expire. By its actions, FIGA declined to address the merits of Appellant’s claim, thus forcing Appellant to file suit. Although FIGA blamed its inaction on “delay,” as Appellant asserts, FIGA could have recognized its lack of resources to timely process the claim and waived its statute of limitations defense. By doing so, it could have put Appellant’s claim on a schedule, and thus not “affirmatively” denied the claim.
After Appellant filed suit, the parties quickly pursued resolution through the appraisal process, but further argument ensued regarding the appointment of an umpire and the scope of Appellant’s damages. A review of the hearing transcript regarding Appellant’s motion for confirmation of the appraisal award and for a grant of attorney’s fees leads to the conclusion that FIGA, while never answering Appellant’s complaint and agreeing to the appraisal process, did in fact contest coverage of certain costs and deny Appellant’s claim. After a lengthy process, Appellant ultimately prevailed and, as provided in section 627.428, Florida Statutes, was entitled to an award of attorney’s fees. Ivey v. Allstate Ins. Co., 774 So.2d 679, 684-85 (Fla.2000) (“[Wjhere an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney’s fees.”).
The instant case stands somewhat between the facts of Florida Insurance Guaranty Association, Inc. v. Ehrlich, 82 So.3d 849 (Fla. 4th DCA 2011), relied on by the majority, and Rahabi v. Florida Insurance Guaranty Association, Inc., 71 So.Sd 241 (Fla. 4th DCA 2011). In Ehrlich, a decision which remains under review, the insured filed a claim with FIGA, *1147 and a mere “few weeks later, before [FIGA] investigated the claim and ostensibly to avoid the expiration of the statute of limitation,” the insured filed suit. Ehrlich, 82 So.3d at 850 (emphasis added). The Fourth District pronounced that “[h]aving insufficient time to investigate the claim,” FIGA sought extensions of time to respond to the suit, and only answered the complaint when compelled by the trial court. Id. It found that FIGA’s action in answering a complaint under court order did not constitute an affirmative denial of a claim, because “[essentially, appellant ‘delayed’ paying the claim until it had sufficient time to investigate.” Id.
In Rahabi, the Fourth District found that FIGA voluntarily denied a claim where it filed affirmative defenses and alleged that the insured’s damages were not caused by a covered loss, even though FIGA had previously attempted to delay the litigation so it could determine an “appropriate response.” 71 So.3d at 242.
Here, FIGA took no action for at least two months, told Appellant that it would not act on the claim, advised Appellant to file suit to protect her interest, and then actively disputed certain claim issues during the litigation. While it is correct that FIGA did not file an answer, but promptly proceeded to the appraisal process, under no reasonable interpretation of the facts can it be said that FIGA voluntarily paid Appellant’s claims. Rather, it neglected to fulfill its statutory duty as the successor insurer within a reasonable time, forced Appellant to litigate her claim, and then disputed the claim coverage amounts. In fact, FIGA required the appointment of an umpire to resolve certain disputed amounts. Although FIGA ultimately paid under the policy, it was the insured that compelled this result by litigation, expense and effort, which ultimately resulted in a successful order confirming the appraisal award.
Reading sections 627.428(1) and 631.70, in pari materia, as we must, FIGA, acting in place of the insolvent insurer, pays the attorney’s fees to an insured who successfully litigates a claim, or a portion of a claim, unless its denial of the claim is based solely on delay. Because that is not the case here, we should reverse the trial court’s order denying the award of attorney’s fees to Appellant, as she successfully litigated her right to payment of a covered claim. As Appellant notes in her Reply Brief, “every policyholder [in Florida] pays a portion of their premiums to pay for the coverage provided by [FIGA].” Like other insurers who receive premium payments, when FIGA refuses to pay a covered claim, it is liable to the insured for their attorney’s fees. While the legislature has limited this liability to affirmative denials of claims rather than mere delay, here, FIGA refused to perform its statutory duty in a reasonable time and, by its actions, constructively denied Appellant’s claims.

. Although Appellant implies that FIGA should be presumed to have had notice of her claim far earlier, when it assumed the insolvent carrier’s obligations, I analyze this case in the light most favorable to FIGA, as the prevailing party below. I note, however, that FIGA should consider its own actions here and be wary of criticizing Appellant’s "delay” in prosecuting her claim.