NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PHYLIS HEID,                          )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No.  2D18-737
                                      )
FLORIDA INSURANCE GUARANTY            )
ASSOCIATION.,                         )
                                      )
          Appellee.                   )
_____ )

Opinion filed October 11, 2019.

Appeal from the Circuit Court for
Hillsborough County; E. Lamar Battles,
Judge.

Richard N. Asfar of Vaka Law Group, P.L.,
Tampa (withdrew after briefing); George
A. Vaka and Kurt J. Rosales of Vaka Law
Group, P.L., Tampa; and Aaron S. Kling
of Kling Law, P.A., Tampa, for Appellant.

Dorothy V. DiFiore of Quintairos, Prieto,
Wood & Boyer, Tampa; and Lisa J.
Augspurger of Bush & Augspurger, P.A.,
Orlando, for Appellee.


MORRIS, Judge.

          Phylis Heid appeals an order denying her motion for attorney's fees and

costs incurred in sinkhole litigation against Florida Insurance Guaranty Association

(FIGA).  In this appeal, Heid argues that the trial court misconstrued this court's prior

holding in <u>Miller v. Florida Insurance Guaranty Ass'n</u>, 200 So. 3d 200 (Fla. 2d DCA 2016), which she claims supports her entitlement to fees.  She also claims that she is entitled to costs pursuant to section 57.041, Florida Statutes (2012), because FIGA's ultimate concession that her claim is covered constitutes a confession of judgment.  We agree with both of her arguments and reverse the decision of the trial court.

I.  Facts

In 2010, believing that her home had suffered sinkhole damage, Heid reported a claim to her insurer, HomeWise Preferred Insurance Company.  HomeWise hired an engineer to perform testing and advised Heid that there was no sinkhole damage in December 2010.  Heid demanded additional testing, and after procuring a geological investigation, HomeWise again informed Heid that no sinkhole loss had occurred in June 2011.

HomeWise was declared insolvent in November 2011, and FIGA assumed responsibility for Heid's claim.  In March 2013, FIGA advised Heid that there had been no evidence of sinkhole activity on the property but that FIGA was not denying her claim.  In September 2013, Heid's attorney asked FIGA to either admit or deny coverage, and FIGA's adjuster responded that FIGA had not and was not denying Heid's claim.  Heid then filed her lawsuit against FIGA in October 2013.

FIGA invoked the neutral evaluation process and peer review of prior testing, after which FIGA advised Heid in February 2015 that her claim was not a covered claim and that FIGA would not make payment.  Heid then retained an engineering firm to conduct additional testing.  The firm concluded that there was evidence of sinkhole activity that had caused damage to Heid's home.  Heid shared the

report with FIGA, which disagreed. Heid then retained a second firm to conduct additional testing, and Heid shared the report with FIGA. In December 2015, FIGA conceded that the report confirms the presence of sinkhole activity and that Heid's claim was a covered claim. FIGA and Heid resolved all issues except Heid's claim for attorney's fees and costs.

Heid moved for attorney's fees and costs, arguing that she is entitled to fees under sections 631.70 and 627.428, Florida Statutes (2012), and that she is entitled to costs under section 57.041 and the confession-of-judgment doctrine. FIGA responded by arguing that FIGA acted swiftly in agreeing to cover Heid's claim once scientific evidence of sinkhole activity was reported to FIGA. After this court issued its Miller decision, Heid filed an amended motion for fees, asserting that "when FIGA denies coverage for sinkhole loss, then later accepts coverage, the [i]nsured is entitled to fees pursuant to Florida statute 631.70." FIGA responded that fees were precluded under section 631.54(3)(c) because the fees were "in connection with a sinkhole loss," that a large portion of Heid's fees were for testing and thus prohibited by section 631.54(3)(c), that Heid's claim was not a "covered claim" at the time it was affirmatively denied by FIGA, and that Heid was not entitled to costs because no judgment had been entered.

After a hearing, the trial court denied Heid's motion for fees, concluding that the fees Heid spent on testing for a sinkhole loss were excluded under the definition of "covered claim" in section 631.54(3)(c) as interpreted by Miller and that any fees related to sinkhole repairs after FIGA agreed to coverage were also barred by section 631.54(3)(c). The trial court further found that FIGA's February 2015 denial did not

constitute an affirmative denial of a "covered claim" for purposes of section 631.70 because at the time of the February 2015 denial, there was no scientific evidence that there was sinkhole activity. The trial court concluded that once scientific evidence supported a finding of sinkhole activity, FIGA never affirmatively denied the claim.

## II. Analysis

"While orders on attorney's fees are generally reviewed for an abuse of discretion, the issue before us is one of statutory interpretation, to which the de novo standard of review applies." Miller, 200 So. 3d at 203 (citation omitted). The Florida Legislature established FIGA, through the FIGA Act, to protect Florida citizens in the event their insurers become insolvent. Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 442 (Fla. 2005). The Legislature's expressed purpose is to "[p]rovide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer." § 631.51(1). The courts have been directed by the Legislature to liberally construe the FIGA Act to effect this purpose. See § 631.53; Jones, 908 So. 2d at 442.

Heid sought attorney's fees under section 631.70, which provides that "[t]he provisions of s. 627.428 providing for an attorney's fee shall not be applicable to any claim presented to the association under the provisions of this part, except when the association denies by affirmative action, other than delay, a covered claim or a portion thereof." We first address the trial court's conclusion that FIGA did not affirmatively deny a covered claim. FIGA denied Heid's claim in February 2015 but then

determined that it was a covered claim in December 2015. There is no indication that the status of the sinkhole activity changed during those months. A "covered claim" is an

> unpaid claim, including one of unearned premiums, which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state.

§ 631.54(3).[1] The statute goes on to describe certain things that the term does not include, but the definition of "covered claim" does not contain any language regarding FIGA's determination or assessment of the claim. At the time that FIGA affirmatively denied Heid's claim, it was a covered claim. As Heid argues, FIGA's and the trial court's interpretation of a "covered claim" would allow FIGA to "deny statutory benefits by affirmative action, litigate with the insured for years on the ground that there was no 'evidence' of a sinkhole, and then confess judgment by acknowledging the claim is a 'covered claim' with no adverse consequences." This would frustrate the purpose of section 631.70, as well as one of the stated purposes of the FIGA Act, which is "to avoid excessive delay in payment," § 631.51(1). Because FIGA affirmatively denied Heid's claim, which was a covered claim, section 631.70 is satisfied.

We now turn to the trial court's ruling that fees are precluded under section 631.54(3). Section 631.54(3) provides that a covered claim does not include:

> (c) Any amount payable for a sinkhole loss other than testing deemed appropriate by the association or payable for the actual repair of the loss, except that the association may not pay for attorney's fees or public adjuster's fees in connection

---

[1]In 2015, the definition of "covered claim" was renumbered as subsection (4). Ch. 2015-65, § 1, Laws of Fla.

- 5 -

with a sinkhole loss or pay the policyholder. The association may pay for actual repairs to the property but is not liable for amounts in excess of policy limits.

(Emphasis added.)

In Miller, this court considered whether an insured could obtain attorney's fees under section 631.70, even though the definition of a covered claim contains language specifically excluding attorney's fees in section 631.54(3)(c). This court reconciled the language of the two statutes and held that "the language of section 631.70 . . . allows the insured to seek attorneys' fees related to the *enforcement* of the policy itself." Miller, 200 So. 3d at 203. In other words, section 631.70 allows "fees in connection with the policy itself and FIGA's refusal to honor it." Miller, 200 So. 3d at 204. On the other hand, section 631.54(3)(c) disallows "attorney's fees related to: (1) testing for a sinkhole loss, and (2) repair of a sinkhole loss." Id. at 203. The court noted that "there are indeed other circumstances in which the insured could potentially seek to recover attorney's fees under his or her insurance policy and related to the testing for or repair of a sinkhole loss." Id. In those circumstances, FIGA would be insulated from paying such fees according to the language in section 631.54(3)(c). Id.

The trial court misconstrued our holding in Miller as barring Heid from recovering attorney's fees in this case. Based on the clear language in Miller, Heid is entitled to attorney fees that are related to the enforcement of the policy itself. Heid spent several years attempting to get FIGA to honor her policy; Heid is entitled to fees incurred in that effort. The fact that intermittent testing occurred during the litigation and Heid's effort to enforce her policy does not bar Heid from recovering fees related to enforcing her policy under section 631.70. These statutes represent a legislatively

created incentive for FIGA to move swiftly to pay covered claims in order to avoid costly litigation and to assume attendant responsibility for a claimant's attorney fees. It would be inconsistent with the legislative directives for this court to hold that FIGA is impervious to attorney's fees claims after it has denied a covered claim and has forced an insured to litigate the enforcement of his or her policy.

Last, Heid moved for costs under section 57.041, but the trial court denied costs without specifically addressing this claim, instead lumping Heid's claim for costs in with her claim for attorney's fees under section 631.70. However, costs are not mentioned in sections 631.70 or 627.428. Section 57.041 provides in relevant part that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." Even though Heid did not obtain a judgment against FIGA, FIGA ultimately admitted coverage and paid Heid's claim. In the context of attorney's fees, "it is well settled that the payment of a previously denied claim following the initiation of an action for recovery, but prior to the issuance of a final judgment, constitutes the functional equivalent of a confession of judgment." Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1215 (Fla. 2016); see also Fla. Ins. Guar. Ass'n v. Messina, 69 So. 3d 304, 305 (Fla. 4th DCA 2011) (on motion for rehearing) (applying the confession-of-judgment doctrine to claim for attorney's fees in FIGA case). We see no reason why the confession-of-judgment doctrine should not also apply in the context of costs under section 57.041(1).[2]

---

[2]In Rahabi v. Florida Insurance Guaranty Ass'n, 71 So. 3d 241, 244 n.1 (Fla. 4th DCA 2011), the court held that the insured was entitled to attorney's fees under section 631.70 but remanded for the trial court to consider whether the insured was entitled to recover costs from FIGA under section 57.041(1) and the confession-of-judgment doctrine.

Accordingly, we reverse the trial court's order denying attorney's fees and costs and remand for further proceedings consistent with this opinion.


NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.