DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA INSURANCE GUARANTY ASSOCIATION,**
Appellant,

v.

**ADAM RUBIN,**
Appellee.

No. 4D18-3147

[January 29, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 502010CA026921XXXMB.

Hinda Klein of Conroy Simberg, Hollywood, for appellant.

Jonathan Mann and Robin Bresky of Law Offices of Robin Bresky, Boca Raton, and Brian C. Duran of The Law Office of Brian C. Duran, P.A., Boca Raton, for appellee.

PHILLIPS, CAROL-LISA, Associate Judge.

Appellant, Florida Insurance Guaranty Association, Inc. ("FIGA"), appeals the circuit court's entry of final judgment for prevailing party attorney's fees and costs awarded in favor of Appellee, Adam Rubin ("Rubin"). FIGA contends that the circuit court erred in finding that Rubin was entitled to recover his attorneys' fees under section 631.70, Florida Statutes (2010), because FIGA never denied Rubin's claim by affirmative action before he filed suit. We agree and reverse.

Rubin timely filed a claim with Coral Insurance Company ("Coral") after sustaining property damage from Hurricane Wilma on October 24, 2005. Coral's independent adjuster inspected Rubin's property and determined he had incurred approximately $5,962.47 in property damage. After Rubin paid the deductible and Coral subtracted depreciation, Coral issued payment for the remaining $240.16 in property damages on November 15, 2005.

On July 26, 2010, Coral was declared insolvent and FIGA, by statute, was deemed to have taken its place. At the time that FIGA acquired Coral's rights, duties, and obligations, Rubin did not have any pending claims against Coral. However, in 2010, after completing public adjuster classes, Rubin began to question the value of Coral's assessment of his property. In October 2010, Rubin hired Property Damage Consultants, LLC ("PDC") to inspect his property and evaluate the damage. Rubin also retained an attorney to ensure compliance under the statute of limitations. PDC estimated Rubin's property sustained at least $112,231.88 in hurricane damages.

On October 22, 2010, nearly five years after Coral adjusted and paid his claim, Rubin filed a breach of contract and declaratory judgment action against FIGA as Coral's successor. Rubin first notified FIGA of this supplemental insurance claim on December 2, 2010, after suit was filed, with a Sworn Statement in Proof of Loss and a public adjuster's estimate seeking the additional purported damages. FIGA moved to stay the proceedings under section 631.67, Florida Statutes (2010), in order to investigate Rubin's five-year-old claim. The parties later prepared an agreed order in which FIGA's motion to stay would be denied and its answer would be filed within twenty days. After moving for an extension, FIGA filed its answer in which it denied the material claim allegations in Rubin's complaint and raised five affirmative defenses. Specifically, FIGA asserted that Rubin could not recover because he filed suit prior to full compliance with the terms and conditions under Coral's policy.

In June of 2015, the circuit court heard arguments on the parties' cross-motions for summary judgment. Finding that Rubin complied with his obligations under Coral's policy, the circuit court granted Rubin's summary judgment motion and denied FIGA's summary judgment motion. On October 15, 2015, following pre-trial mediation, the parties reached an indemnity settlement wherein FIGA agreed to pay Rubin $49,900 on his claim. In accordance with the settlement agreement, the circuit court entered a final judgment in Rubin's favor on the matter of entitlement to attorney's fees and costs on September 25, 2018. This appeal followed.

Appellate courts review a trial court's interpretation of sections 631.70 and 627.428, Florida Statutes (2010), *de novo*. *See Rahabi v. Fla. Ins. Guar. Ass'n*, 71 So. 3d 241, 243 (Fla. 4th DCA 2011) (citing *Fla. Ins. Guar. Ass'n v. Smothers*, 65 So. 3d 541, 542 (Fla. 4th DCA 2011)). There is no issue with the characterization of Rubin as the prevailing party. Rather, the issue before this court is whether the circuit court erred in finding Rubin was entitled to attorney's fees under section 631.70, Florida

Statutes (2010), if FIGA did not affirmatively deny his claim before filing his lawsuit.

Section 631.70, Florida Statutes (2010), limits the scope of section 627.428, Florida Statutes (2010), and provides that section 627.428 shall not be applicable to **any claim** presented . . . ." § 631.70, Fla. Stat. (2010) (emphasis added). Instead, a prevailing party is entitled to recover attorney's fees only "when the association denies **by affirmative action**, other than delay, a covered claim or a portion thereof." *Id.* (emphasis added). Entitlement to fees is outcome-oriented, existing only "[i]f a dispute arises between an insurer and an insured." *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679 (Fla. 2000). Rubin argues that FIGA's answer and affirmative defenses amounted to an affirmative denial under the statute. However, since FIGA was required to assert any affirmative defenses in its answer in order to preserve them, doing so did not amount to a denial by affirmative action under the statute.

We explained in *Florida Insurance Guaranty Association v. Ehrlich*, 82 So. 3d 849, 850 (Fla. 4th DCA 2011), that

> [FIGA's] filing of an answer and affirmative defenses pursuant to a court order did not constitute a "denial" of [the insured's] claim by affirmative action other than delay. [FIGA] was compelled to answer the complaint by the trial court; [FIGA] did not voluntarily deny the claim. Rather [FIGA] simply asserted its legitimate defenses under the policy. Essentially, [FIGA] "delayed" paying the claim until it had sufficient time to investigate. At no time did [FIGA] explicitly deny the claim itself.

*Id.* In the instant case, after seeking a stay of the proceedings, FIGA responded to Rubin's complaint pursuant to an agreed order, in which the parties agreed FIGA would respond within 20 days. Only then did it file an answer in which it raised affirmative defenses in order to preserve them, having had insufficient time to investigate the claim. Doing so could not be considered a voluntary denial of Rubin's claim, but a delay, allowing FIGA to investigate further.

Relying on *Ivey*, Rubin also argues that, by paying his claim after he filed suit but before the court entered its judgment, FIGA essentially confessed judgment, entitling Rubin to attorney's fees. 774 So. 2d at 684. In *Ivey*, however, the insured filed suit only after she provided the insurer with timely notice of her claim, performed all other conditions precedent for recovery and the insurer still refused to pay her claim. *Id.* at 681; *see*

*also Rahabi v. Fla. Ins. Guar. Ass'n., Inc.*, 71 So. 3d 241, 242 (Fla. 4th DCA 2011).

In *Ivey*, we clarified that "[i]t is the incorrect denial of benefits, not the presence of some sinister concept of 'wrongfulness,' that generates the basic entitlement to the fees if such denial is incorrect." *Id.* Here, FIGA could not have had the opportunity to deny Rubin's claim because Rubin did not notify FIGA about his claim until after he filed suit with the circuit court. In fact, as the parties alluded to at oral argument, when FIGA attempted to investigate Rubin's claims, Rubin's attorneys were uncooperative, hindering FIGA's ability to quickly resolve the claim. Accordingly, denial of Rubin's claims reflected a lack of opportunity to first investigate his contentions, rather than a voluntary denial of his claims. Thus, there was no dispute and no affirmative denial.

We therefore reverse and remand the case to the circuit court for further proceedings consistent with this opinion.

*Reversed and Remanded.*

LEVINE, C.J., and WARNER, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

4